UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL STEELE,

                Plaintiff,                              Hon. Ellen S.  Carmody

v.

                                                Case No. 1:13-cv-1244

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/


## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On January 24, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #13).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted).  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 50 years of age on his alleged disability onset date.  (Tr. 223).  He successfully completed high school and worked previously as a hi-lo operator, automatic welder operator, machine set-up person, and machine programmer and repairman.  (Tr. 77).  Plaintiff applied for benefits on July 1, 2010, alleging that he had been disabled since December 6, 2008, due to diabetes, glaucoma, cataracts, high blood pressure, chest pain, and high cholesterol.  (Tr. 223-24, 259).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 143-222).  On August 28, 2012, Plaintiff appeared before ALJ William Reamon with testimony being presented by Plaintiff and a vocational expert.  (Tr. 85-142).  In a written decision dated January 4, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 68-78).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-7).  Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

   The ALJ determined that Plaintiff suffered from diabetes mellitus and ischemic heart disease, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 70-71). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work[2] subject to the following limitations: (1) he can occasionally climb ramps, ladders, stairs, ropes, and scaffolds; (2) he can occasionally balance, stoop, kneel, crouch, and crawl; and (3) he cannot work at unprotected heights. (Tr. 71).

   The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of

---

  [2] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert at the administrative hearing.

The vocational expert testified that there existed approximately 53,200 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 138-41).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.          **The ALJ's RFC Determination is not Supported by Substantial Evidence**

A claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule."  Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010).  The ALJ concluded that Plaintiff retained the ability to perform a significant range of light work.  As noted, light work requires walking or standing for "approximately 6 hours of an 8-hour workday."  The ALJ also concluded that Plaintiff can occasionally climb ladders, ropes, scaffolds, ramps, and stairs.  Plaintiff argues that the ALJ's RFC fails to sufficiently account for his impairments and limitations.

The shortcoming in the ALJ's RFC determination is that it fails to account for Plaintiff's knee impairment and the ambulation difficulties resulting from such.  An October 25, 2010 examination revealed that Plaintiff was experiencing "unsteady station" and walked with a

"wide based gait." (Tr. 774). X-rays of Plaintiff's right knee, taken May 18, 2011, revealed that Plaintiff was experiencing chondrocalcinosis.[3] (Tr. 1214). Plaintiff began participating in physical therapy on January 24, 2012, in an attempt to resolve or improve his knee pain. (Tr. 1379-82). An examination revealed that Plaintiff was experiencing decreased strength and range of motion which "limit[ed] his ability to ascend/descend stairs, walk more than 3-4 block[s], or sit greater than ½ hour." (Tr. 1381). The therapist further observed that Plaintiff "may need knee brace." (Tr. 1381). Physical therapy did not appear to appreciably reduce Plaintiff's pain or increase functional ability. (Tr. 1362-82). Treatment notes dated August 21, 2012, indicate that Plaintiff was using a cane to ambulate. (Tr. 1555). This evidence is consistent with Plaintiff's reported activity level. (Tr. 273-80, 318-25, 346-53).

Despite this evidence, the ALJ concluded that Plaintiff can stand and/or walk for approximately 6 hours during an 8-hour workday. The ALJ further determined that Plaintiff can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. These aspects of the ALJ's RFC determination are contradicted by the aforementioned evidence. The ALJ has not identified any contrary or competing evidence to support his conclusions regarding Plaintiff's ability to stand and walk during the workday. Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

---

[3] Chondrocalcinosis is a condition in which calcium pyrophosphate dihydrate crystals develop in a joint. *See* Chondrocalcinosis, available at http://www.riversideonline.com/health_reference/Questions-Answers/AN00814.cfm (last visited on March 2, 2015). Chondrocalcinosis can produce redness, warmth, and swelling of the affected joint as well as "sudden, severe pain." *Id.*

**II.**     **The ALJ's Assessment of Dr. O'Hare's Opinions is not Supported by Substantial Evidence**

Plaintiff also argues that he is entitled to relief because the ALJ failed to properly assess the opinions of his treating physician, Dr. Kathleen O'Hare.  The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data."  *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.  *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Such reasons must be

8

"supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

On August 21, 2012, Dr. O'Hare completed a report regarding Plaintiff's functional abilities. (Tr. 1546-49). With respect to Plaintiff's knee impairments and ability to ambulate, the doctor observed that Plaintiff's knee pain limits his ability to walk and sit. (Tr. 1547). The doctor reported that during an 8-hour workday, Plaintiff can sit and stand/walk for "less than 2 hours" each. (Tr. 1547). The doctor also reported that Plaintiff required a sit/stand option. (Tr. 1547).

The ALJ afforded "little weight" to Dr. O'Hare's opinions. (Tr. 76). In support of this conclusion, the ALJ relied on three observations. First, the ALJ noted that Plaintiff's endocrinologist "has not provided support for" Dr. O'Hare's opinions. (Tr. 76). With respect to Plaintiff's knee impairment and functional limitations, the observations of an endocrinologist who treated Plaintiff's diabetes, and who does not appear to have offered an opinion regarding Plaintiff's knee impairment, seem only marginally relevant. (Tr. 74, 76). The ALJ next concluded that Dr. O'Hare's opinions "are not supported by the overall objective findings, clinical observations and imaging studies." (Tr. 76). As previously noted, the ALJ is obligated to identify with specificity the evidence supporting his decision to discount a treating physician's opinion. The ALJ, however, failed to identify any specific item of evidence supporting this particular conclusion. Finally, the ALJ relied on the conclusion that "the Veterans Affairs did not find and rate a disability percentage for the claimant." (Tr. 76). A review of the evidence cited by the ALJ reveals that Plaintiff was determined to not have a "service connected" disability, a matter separate and distinct from that presently before the Court. (Tr. 1533). In sum, the ALJ's rationale for discounting Dr. O'Hare's opinions is not supported by substantial evidence.

## III.        Remand is Appropriate

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, there exist a significant number of jobs which Plaintiff could nevertheless perform. As discussed above, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does

not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled, at this juncture, to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, while there exists evidence that Plaintiff is more limited than recognized by the ALJ, the record contains evidence supporting the contrary conclusion. Despite Plaintiff's allegations of diabetes-related visual impairment, the record suggests that Plaintiff does not experience a work-preclusive visual impairment. (Tr. 610-14, 1391-96, 1473-77). While Plaintiff's cardiovascular circumstance, at one point, required the placement of three stents, the record suggests that this procedure was successful and that Plaintiff's subsequent cardiovascular condition does not preclude the performance of substantial work activity. (Tr. 420-603, 777, 779-80, 1077-78, 1087, 1153, 1217-18, 1518-19). Moreover, there is a fair amount of evidence that Plaintiff has failed to comply with his doctor's instructions regarding controlling his blood sugars. (Tr. 1382, 1527). Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor

competent to undertake in the first instance.  Accordingly, the Commissioner's decision is hereby reversed and this matter remanded for further factual findings.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date:  March 11, 2015                                  /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 United States Magistrate Judge